AUSA: Jorja N. Knauer

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LESTER WATKINS,<br><br>                    Defendant. | 25 mj 2439<br>**COMPLAINT**<br><br>Violations of 18 U.S.C. §§ 922(g)(1),<br>924(c); 21 U.S.C. § 841<br><br>COUNTY OF OFFENSE:<br>ROCKLAND |

SOUTHERN DISTRICT OF NEW YORK, ss.:

MOISES HASSELL, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

## COUNT ONE
### (Distribution and Possession of Narcotics with Intent to Distribute Narcotics)

1. On or about July 31, 2025, in the Southern District of New York and elsewhere, LESTER WATKINS, the defendant, knowingly and intentionally distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. The controlled substance involved in the offense was a quantity of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).)

## COUNT TWO
### (Firearm Use, Carrying, and Possession)

3. On or about July 31, 2025, in the Southern District of New York and elsewhere, LESTER WATKINS, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug trafficking crime charged in Count One of this Complaint, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm.

(Title 18, United States Code, Section 924(c)(1)(A)(i).)

## COUNT THREE
### (Possession of a Firearm After a Felony Conviction)

4. On or about July 31, 2025, in the Southern District of New York and elsewhere, LESTER WATKINS, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a Glock handgun with serial number BXTL339, and the firearm was in and affecting commerce.

(Title 18, United States Code, Section 922(g)(1).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

5. I am a Special Agent with the FBI, and I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with law enforcement officers, witnesses, and others, my examination of documents, videos, reports and records, and my involvement in this investigation. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

6. Based on my review of video surveillance footage and police reports and records and my conversations with other law enforcement officers, I have learned the following:

   a. On or about July 31, 2025, at approximately 8:55 a.m., patrol officers with the Spring Valley Police Department ("SVPD") observed LESTER WATKINS, the defendant, standing in the vicinity of North Main Street and Grove Street in Spring Valley, New York. SVPD officers then saw a woman ("Individual-1") approach WATKINS, who reached into his pants pocket and then handed Individual-1 a small, unidentified object. Individual-1 handed WATKINS what appeared to be cash and walked away.

   b. Shortly thereafter, SVPD officers stopped Individual-1 and asked Individual-1 if she had drugs on her person, to which Individual-1 answered yes. SVPD officers proceeded to recover from Individual-1 multiple light blue glassine envelope that each had "paid" stamped on them in red ink, as well as a stamp in dark blue ink that looked like a single dollar bill. Two of the glassine envelopes were open and appeared to contain an off-white powder substance, which field-tested positive for the presence of fentanyl.

   c. On or about July 31, 2025, at approximately 9:02 a.m., *i.e.*, shortly after SVPD officers recovered drugs from Individual-1, SVPD stopped WATKINS and conducted a pat-down search for officer safety. During the pat down, SVPD officers found a folding knife inside WATKINS's waistband and observed that the cross-body bag that WATKINS wore across his back was unusually heavy and contained a hard object. When SVPD officers started to remove the cross-body bag, WATKINS tried to run from officers but was quickly detained and placed under arrest.

d.  SVPD officers located in WATKINS's pants pockets cash and approximately six light-blue glassine envelopes, one of which was opened and tested positive for fentanyl. Each glassine envelope appeared to be stamped in red with the word "paid" and stamped in dark blue with the image of a dollar bill. An image of one of the glassine envelopes is depicted below:



e.  When SVPD officers opened the cross-body bag, they found a Glock handgun with serial number BXTL339 (the "Firearm") with no magazine inserted, as well as a

3

loaded magazine, additional bullets, and five bundles that later tested positive for fentanyl. An image of the Firearm, magazine, and additional ammunition is depicted below:



7. Based on my conversations with other law enforcement officers, I know that following his arrest, LESTER WATKINS, the defendant, gave a Mirandized, post-arrest statement in which he said, in substance and in part, that the drugs he sold prior to his arrest were fentanyl, that he bought the gun for approximately $1,000, and that he is a convicted felon.

8. I am aware that photographs of the Firearm and Ammunition were submitted to a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). The ATF Special Agent concluded that the Firearm and ammunition were manufactured outside of New York State.

9. I have reviewed criminal history records pertaining to LESTER WATKINS, the defendant, which show that he was previously convicted of multiple felonies, including the following:

    a. On or about June 27, 2007, WATKINS pleaded guilty in Rockland County Court to the following crimes, each of which is punishable by more than one year's imprisonment: (1) one count of criminal sale of a firearm in the third degree: sale to an unauthorized person, in violation of New York Penal Law Section 265.11(1), a Class D felony; (2) one count of criminal possession of a weapon in the second degree: loaded firearm—other than person's home/business, in violation of New York Penal Section 265.03(3), a Class C felony; and (3) one count of robbery in the second degree: aided by another, in violation of New York Penal Law Section 160.10(1), a

4

Class C felony. On or about September 19, 2007, WATKINS was sentenced to seven years' imprisonment for the criminal sale of a firearm count, eight years' imprisonment for the criminal possession of a weapon count, and seven years' imprisonment for the robbery count, to run concurrently.

        b.      On or about February 26, 2003, WATKINS pleaded guilty in Rockland County Court to two counts of burglary in the third degree: illegal entry with intent to commit a crime, in violation of New York Penal Law Section 140.20. On or about May 7, 2003, WATKINS was sentenced to an indeterminate term of two to six years' imprisonment.

WHEREFORE, I respectfully request that LESTER WATKINS, the defendant, be imprisoned or bailed, as the case may be.

_____
Moises Hassell
Special Agent
Federal Bureau of Investigation

Sworn to before me this 1st day of August, 2025.

_____
THE HONORABLE JUDITH C. McCARTHY
United States Magistrate Judge
Southern District of New York

5